PRO SE OFFICE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 3/1/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
x— — — — — — — — — —X

Courtney Jane Best-Simpson - Pro Se

                    Plaintiff                    11 Civ. 8451
        -against-                                (PKC) (TKH)

Robert Gosseen, et al,

                                                 Notice of Dismissal
                    Defendants.                  Pursuant to
x— — — — — — — — — —X                            41(a)(1)(A)(i)
                                                 Federal Rules
                                                 of Civil Procedure


   SIRS / MADAM:


        PLEASE TAKE NOTICE that pursuant
to 41(a)(1)(A)(i) of the Federal Rules of Civil
Procedure, the Plaintiff Courtney Jane Best-
Simpson files the attached Notice of Dismissal
of the Within Action 11 Civ. 8451.


Dated: February 28, 2012

                          COURTNEY JANE BEST-SIMPSON - PRO-SE
                          436 Clinton Ave  6D
                          Bklyn, NY 11238
                          347-513-9576

41(a)(1)(A)(i)

11 Civ 8451
(PKC) (TKH)

Notice of Dismissal

I, Courtney Jane Best-Simpson, the Pro-Se plaintiff

in 11Civ.8451 (PKC) (TKH) USDC: SDNY, formerly removed from

NYS Supreme Court: County of NY 11-111313 on November 22, 2011;

do hereby affirms under the penalties of perjury that

this plaintiff, having only filed and served a Summons with Notice

and an Amended Summons with Notice prior to the removal of said

action; and with a complaint due on March 2, 2012, having been

Ordered by this Court on February 8, 2012 (PKC), do hereby on

February 28, 2012, prior to the date that the Complaint is even due;

Will forego filing a complaint and will instead pursuant to Rule

41 (a)(1) (A)(i) of the FRCP file this Notice of Dismissal, without Prejudice.

Dated: February 28, 2012

Courtney Jane Best-Simpson
436 Clinton Ave # 6D
Bklyn, N.Y. 11238
347-513-9576

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-8-12
```

--------------------------------------------------------------X

COURTNEY JANE BEST-SIMPSON,                    :

                       Plaintiff,            :

   -against-                                    :

ROBERT GOSSEEN, et al.,                        :
                       Defendants.          :

                            :

--------------------------------------------------------------X

ORDER

11 Civ. 8451 (PKC)

P. KEVIN CASTEL, United States District Judge:

       This action was commenced in the Supreme Court of the State of New York, New York

County ("New York State Supreme Court"), on October 4, 2011, and removed to this Court on

November 22, 2011. (Docket No. 1.) Prior to removal, plaintiff Courtney Jane Best-Simpson,

appearing pro se, filed a Summons with Notice, as authorized under state law, asserting 55

causes of action, including civil rights violations, obstruction of justice, conspiracy and state law

violations, against approximately 54 defendants, both private and public. Two defendants,

United States District Court Judge Barbara S. Jones and United States Magistrate Judge Andrew

J. Peck (the "Federal Defendants"), removed the action to this Court pursuant to 28 U.S.C.

§§1441(a) and 1442(a)(3), on grounds that the Federal Defendants are officers of the courts of

the United States. Plaintiff has moved to remand.

       For the reasons explained, plaintiff is directed to file an amended complaint to the Court

on or before March 2, 2012. The Court need not decide plaintiff's motion to remand at this time.

# BACKGROUND

On or about October 4, 2011, plaintiff commenced this action by filing a Summons with Notice in the New York Supreme Court against, by the Court's count, approximately 54 defendants, including the Federal Defendants.[1]  A Summons with Notice is not, under state law, the equivalent of a complaint.  It need only recite the "nature of the action" and the relief sought. CLPR 305(b).  A complaint may thereafter be demanded by the defendant.  CLPR 3012(b). Upon service of the demand, the complaint must be served within twenty days.  Id.

From the face of the Summons with Notice, plaintiff alleged a conspiracy among the defendants to violate her rights stemming from defendants' alleged involvement in a prior employment discrimination action in this District, Best-Simpson v. New York Donor Network, et al., No. 07 Civ. 02683 (BSJ) (AJP) (S.D.N.Y. Apr. 2, 2007), which was filed by plaintiff's mother, Jane Best-Simpson, and ultimately dismissed.  (Docket No. 1.)  On October 24, 2011, plaintiff filed an amended Summons with Notice.  (Docket No. 1.)  On November 22, 2011, the Federal Defendants filed a notice of removal in this Court based on plaintiff's claims against the two Federal Defendants.  (Docket No. 1.)   Plaintiff filed a motion to remand her case to state court on December 22, 2011, arguing that the Federal Defendants' removal was untimely, and that she had dismissed the Federal Defendants from this action by filing a notice of discontinuance in state court on the same day that the Federal Defendants removed the action. (Docket No. 13.)

---

[1] The defendants also include the "Empire State Building-WH Properties," the New York Organ Donor Network, New York City Mayor Michael Bloomberg, Local 32BJ SEIU, numerous other natural persons and certain elevator-related and private security firms.

On January 23, 2012, defendants Empire Sate Building Company, LLC, ESB

Observatory LLC, Malkin Holdings LLC, Peter Malkin, Don Knutella, Antoinette Gardiner, Ed

Levy and Donald O'Donnell filed an opposition to plaintiff's motion to remand. (Docket No.

12.) They contend that the removal was timely and that even if the Federal Defendants were

dismissed from this action, plaintiff's amended Summons with Notice asserted federal claims

over which the Court has federal question jurisdiction. (Docket No. 12.) Defendant Service

Employees International Union, Local 32 BJ also filed an opposition to the motion to remand on

January 23, 2012, similarly contending that plaintiff's claims against the union constitute breach

of duty of fair representation, which are preempted by federal labor law, and that those claims

were properly before the Court. (Docket No. 15.)

On January 27, 2012, plaintiff filed a proposed order to show cause. It seeks an order

that the defendants show cause as to "why this Court should not 1) Honor the plaintiff's

Courtney Jane Best-Simpson intent . . . to drop certain parties from the within action," as well as

"[e]xtend the plaintiff the request of withdrawing and discontinuing the actions against all other

parties . . . without prejudice," subject to "the right to reinstitute said action within the next 6

months . . . ." (Order to Show Cause at 2-3.) The Court has not acted on the proposed order to

show cause and declines to do so at this juncture.

## DISCUSSION

A.    Plaintiff is Directed to File a Complaint that Satisfies Rule 8.

Because no complaint has been filed, plaintiff's allegations against defendants are not

readily understood. Plaintiff, a former employee at the observatory deck of the Empire State

Building, asserts that on August 5, 2010, an intruder appeared in the women's employee locker

3

room at the Empire State Building while she was undressing. (Docket No. 1). Plaintiff alleges

that the intruder gazed at her partially dressed body and could have assaulted, raped or killed her

if she had not reacted quickly. (Id.) Plaintiff then attributes this incident to a conspiracy

targeting her for humiliation, racial and sexual harassment and retaliation because of an

employment discrimination lawsuit her mother had filed in this District. (Id.) Plaintiff describes

the alleged injustices that her mother was subjected to during and after the litigation of that

lawsuit, and the apparent spillover of the damage to her life. (Id.)

Considering plaintiff's pro se status, the nature of her allegations and the dozens of

defendants she seeks to sue, the Court directs her to file an amended complaint specifying the

nature of her claims against each defendant. An amended complaint is necessary both to satisfy

Rule 8 of the Federal Rules of Civil Procedure and to clarify whether this Court has subject

matter jurisdiction over the action. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires

"a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule

8(d)(1) requires that each allegation be "simple, concise, and direct." The Supreme Court has

stated that:

> a complaint must contain sufficient factual matter, accepted as true,
> to "state a claim to relief that is plausible on its face." A claim has
> facial plausibility when the plaintiff pleads factual content that allows
> the court to draw the reasonable inference that the defendant is liable
> for the misconduct alleged.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S.

544, 570 (2007)). This standard, commonly referred to as the "plausibility standard," is guided

by two principles. First, while district courts must accept as true all factual allegations contained

in a complaint, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

4

conclusory statements, do not suffice." Id.  Second, when deciding what is plausible, a district

court must consider the context and "draw on its judicial experience and common sense." Id. at

1950.

District courts are "obligated to construe pro se complaints liberally." Harris v. Mills,

572 F.3d 66, 72 (2d Cir. 2009); see Sealed Plaintiff v. Sealed Defendant # 1, 537 F.3d 185, 191

(2d Cir. 2008); Boykin v. KeyCorp, 521 F.3d 202, 213-14, 216 (2d Cir. 2008).  Thus, while pro

se complaints must contain sufficient factual allegations to meet the plausibility standard, district

courts should look for such allegations by reading pro se complaints with "special solicitude" and

interpreting them to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of

Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam) (emphasis in original).

Despite plaintiff's invocation of criminal and civil rights statutes, she fails to allege

plausible facts to support her claims.  The Summons with Notice contains "unadorned, the-

defendant-unlawfully-harmed-me accusation[s]" and offer only "labels and conclusions." Iqbal,

129 S. Ct. at 1951 (citation omitted).  The Summons with Notice fails to allege plausible facts

showing that defendants acted unlawfully.  In consideration of plaintiff's pro se status, however,

she is granted leave to submit a complaint in compliance with Rule 8 on or before March 2,

2012.

B.    Leave to File Complaint.

Plaintiff is granted leave to file a complaint alleging facts to support her claims against

each defendant named in the amended summons with notice.  To the extent plaintiff no longer

wishes to bring claims against a particular defendant, she may simply omit them from the

5

complaint.[2] Plaintiff must provide a short plain statement of the relevant facts supporting each

claim against each defendant named in the complaint.  To the greatest extent possible, plaintiff's

complaint must:

> (a) give the names and titles of all relevant persons;

> (b) describe all relevant events, stating the facts that support plaintiff's case including what each defendant did or failed to do;

> © give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

> (d) give the location where each relevant event occurred;

> (e) describe how each defendant's acts or omissions violated plaintiff's rights and describe the injuries plaintiff suffered; and

> (f) state what relief plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of plaintiff's complaint must tell the Court: <u>who</u> violated her

rights; <u>what</u> facts show that her rights were violated; <u>when</u> such violation(s) occurred; <u>where</u>

such violation(s) occurred; and <u>why</u> plaintiff is entitled to relief.

C.    <u>Plaintiff's Motion to Remand.</u>

I need not rule on the plaintiff's motion to remand at this time.  While plaintiff's motion

argues in part that removal was untimely and that her decision to dismiss the Federal Defendants

from this case deprives the Court of jurisdiction, there are factual disputes relating to plaintiff's

---

[2] Plaintiff alleges in her motion to remand that she filed a notice of discontinuance dismissing a number of defendants, including the Federal Defendants.  Plaintiff may omit any currently named defendant from the complaint.

service and the timing of removal.  An amended complaint that omits the Federal Defendants and

sets forth no federal cause of action may make it unnecessary to address these disputes.

Separately and independently, the plaintiff's summons and notice sets forth numerous

causes of action that may arise under federal law, and that if, properly alleged, would give this

Court federal subject matter jurisdiction over the action.  The causes of action that would likely

give this Court federal question jurisdiction may include the following: "Violation of Civil

Rights of the Plaintiffs" (Summons and Notice, 1.a); "Violation of various federal Civil Rights

Statues" (<u>id.</u>, 1.c); "Violation of RICO ACT" (<u>id.</u>, 1.g); "Violation of HIPPA" (<u>id.</u>, 1.I);

"Violation of Title VII - Civil Rights Laws" (<u>id.</u>, 1.o); "Deprivation – of Civil Rights to Property

Interest" (<u>id.</u>, 1.z); "Violation of the Americans with Disability Act" (<u>id.</u>, 1.bb); "Violation of

Section 504 of the 1973 Rehabilitation Act" (<u>id.</u>, 1.cc); "Conspiracy for Protected Activity" (<u>id.</u>,

1.pp); "Violation of Due Process" (<u>id.</u>, 1.qq); "Violation of Civil Right to Life, Liberty and

Pursuit of Happiness" (<u>id.</u>, 1.ss); "violation of various City, State <u>Federal</u> Civil Statues" (<u>id.</u>,

1.zz; emphasis added); "violation of various <u>federal</u>, State and City Criminal Statues" (<u>id.</u>, 1.aaa;

emphasis added).

     D.    <u>Plaintiff's Order to Show Cause.</u>

As previously noted, plaintiff's Order to Show Cause of January 27 seeks "to drop certain

parties from the within action," as well as "[e]xtend the plaintiff the request of withdrawing and

discontinuing the actions against all other parties . . . without prejudice . . . ."  (Order to Show

Cause at 2-3.)  This Order gives plaintiff an opportunity to amend her pleading to name or omit

any party of her choosing.  To the extent that the Order to Show Cause seeks leave to dismiss the

action subject to reinstitution, I note that Rule 41(a)(1) of the Federal Rules of Civil Procedure

states that "the plaintiff may dismiss an action without a court order by filing: (I) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment," and that "[u]nless the notice or stipulation states otherwise, the dismissal is without prejudice."

## CONCLUSION

Plaintiff is directed to file a complaint containing the information specified above.  The complaint must be submitted to the Court's Pro Se Office on or before March 2, 2012, be captioned as a **"COMPLAINT,"** and bear the same docket number as this Order.  If plaintiff fails to comply within the time allowed, the action will be dismissed.

Plaintiff is encouraged to make us of the resources available to her through the District's Pro Se Office.  Plaintiff should not contact the judge's chambers with procedural or legal questions.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

_____
P. KEVIN CASTEL
United States District Judge

Dated:  February 8, 2012
        New York, New York

8

Re: Best-Simpson v. Gosseen et al
11 Civ. 8451  USDC: SDNY
formerly removed from
Supreme Court of the State
of NY County of NY
11-111313

Affidavit of Service: Notice of Dismissal
Pursuant to 41(a)(1)(A)(i)

I Jane Best-Simpson, being duly sworn

deposes and says: I am not a party to the

within action, am over the age of 18 and reside

in Brooklyn, New York

On March 1, 2012 I served the

attached Plaintiff's Courtney Jane Best-Simpson's

Notice of Dismissal, pursuant to 41(a)(1)(A)(i) Rule

of the Federal Rule of Civil Procedure 11 Civ 8451

USDC: SDNY (PKC)(TKH), dated February 28, 2012;

Upon the following defendants and or Counsel.

1) Robert Gosseen, Esq.
   New York Organ Donor Network
   Elaine Berg
   Michele Clayton Lucas
   Martin Wolf
   Julia Rivera
           c/o  Robert Gosseen, Esq.
                Gafner & Shore
                360 Lexington Ave
                N.Y. NY 10017


2. Judge Barbara Jones
   Magistrate Andrew Peck
           c/o Amy Barcelo - Asst. U.S. Attorney
               United States Attorney - Civil Division
               United State Southern District of NY
               86 Chambers Street
               NY NY 10007

3. NY City Commission On Human Rights
   New York City Police Department, its agent, Servants, Employees
   Mayor Michael Bloomberg
   Patricia Gatlin, Commissioner NYC Commission on Human Rights
   Raymond Wayne, Lanny Alexander, Cliff Mulqueen
   Avery Melhman
   PO McLaughlin Badge # 12640   NYPD
   Retired Officer Alvin Reed

                   c/o
                      Corporation Counsel of the
                      City of New York
                      100 Church Street
                      NY, NY. 10007


4. Marc Crawford Leavitt, in his Personal and Professional Capacity
   and part owner of 430 Clinton Avenue Associates
      c/o 228 East 45th Street
         17th Floor  NY, NY 10017
      Attn: Leavitt, Kerson & Duane

5. Andrews International Security
   Ralph DelSardo
   Angel Fernandez
   Martin Rivera
   Alicia Perez
        c/o Wilson, Elser, Maskowitz,
        Edelman, Dicker LLP
        1010 Washington Blvd
        Stamford, CT 06901
        Attn: Jennifer Heitman

6.
        Local 32 BJ SEIU and
        Tom Petrowski
        c/o Local 32 BJSEIU
        25 West 18
        New York, N.Y. 10011-4676

7.  New York Elevator and
    its Employee Dennis Long
    See #12 for the address of Counsel
    where it was sent.

8. Empire State Building Company LLC
   ESB Observatory LLC
   named as Empire State Building/WH Properties
   Malkin Holdings LLC
   named as Malkin Properties
   Peter Malkin
   Don Knutella
   Antonette Gardiner
   Ed Levy
   Donald O'Donnell
   c/o
   Jackson & Lewis LLP
   666 Third Avenue
   New York, New York 10017
   Attn: Daniel Schudroff


9. Liberty Elevator
   c/o Chesney & Murphy LLP
   2305 Grand Avenue
   Baldwin, NY 11510

10, Gallagher, Gosseen & Faller
    1050 Franklin Avenue Suite 400
    Garden City  NY  11530

    Garcia & Stallone
11. Counsel for Gallagher, Gosseen & Faller
    2076 Deer Park Avenue
    Deer Park, New York 11729-2102

12,
    New York Elevator Company
    and its Employee
    Dennis Long
    c/o Babchik & Young LLP
    200 East Post Road
    White Plains, NY 10601

13.  Lewis Brisbois, Bisgaard & Smith LLP
    77 Water Street - Suite 2100
    New York NY 10005
    c/o Mark Kenneth Anesh, Esq.
        Jordan Kaplan, Esq.

    Counsel for Alan Tannebaum, Esq &
    Cohen, Hurkin, Pomerantz, Ehrenfeld & Tannebaum

Service of the attached Notice of Dismissal

of the plaintiff Courtney Jane Best-Simpson, was served

by me personally by delivering each individual envelope

affixed with the respective address as stated on this

affidavit; to the United States Postal office located at

90 Church Street, NY NY 10007, where the proper postage

was paid to a US Postal Clerk and affixed accordingly

on each respective envelope to insure that they would

be mail regular mail to each individual respective party

stated in this affadivit. Said US Postal clerk took possession of
each individual envelope then to mail to each party so stated.

Sworn to me before this 31st day came _Jane Best-Simpson_

Notary Seal & Signature

MAXINE WHITE
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN KINGS COUNTY
REG. #01WH6238055
MY COMM. EXP. MAR. 28, 2015

3/1/12
Maxine White